1  **Daniel J. Weintraub, State Bar No. 132111**
   **James R. Selth, State Bar No. 123420**
2  **Nina Z. Javan, State Bar No. 271392**
   **WEINTRAUB & SELTH, APC**
3  **11766 Wilshire Boulevard, Suite 1170**
   **Los Angeles, CA  90025**
4  **Telephone: (310) 207-1494**
   **Facsimile: (310) 442-0660**
5  **jim@wsrlaw.net**

6  Attorneys for Judgment Creditor,
   Jason Frank Law, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>        Debtor. | Case No.  8:18-mc-00027<br><br>**JUDGMENT CREDITOR JASON FRANK LAW, PLC'S MOTION TO SET HEARING DATE ON JUDGMENT DEBTOR'S MOTION FOR A PROTECTIVE ORDER; DECLARATION OF JASON M. FRANK IN SUPPORT THEREOF**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  TBD |

-1-

# MOTION TO SET HEARING DATE ON JUDGMENT DEBTOR'S MOTION FOR PROTECTIVE ORDER

Judgment Creditor Jason Frank Law, PLC ("JFL") hereby moves and requests a hearing date be set on the Motion for Protective Order filed by Judgment Debtor Eagan Avenatti, LLP ("EA"). The purpose of this Motion is to get a judge assigned to hear this matter so that JFL can enforce a pending Subpoena to Produce Documents and Order to Appear for a Judgment Debtor Examination served on EA in July 2018. To date, EA has refused to produce any records required for the Judgment Debtor Examination, including bank records. The relevant procedural history necessitating this motion is set forth below.

1. On May 22, 2018, the United States Bankruptcy Court for the Central District of California, the Honorable Judge Catherine A. Bauer presiding (the "Bankruptcy Court"), entered a judgment in favor of JFL against EA in the amount of $10 Million ("Judgment"). [Declaration of Jason M. Frank ("Frank Decl."), Exh. A.]

2. The Judgment was entered due to EA's breach of a structured settlement approved by the Bankruptcy Court as a condition to granting EA's request to dismiss its Chapter 11 bankruptcy case (the "Order Approving Settlement and Dismissing Case").[1] [Frank Decl., Exh. B.]

3. EA is a law firm based in Newport Beach, California that primarily represents clients on a contingency fee basis. [Frank Decl., ¶ 4.] The managing partner of EA is Michael Avenatti ("Avenatti"). [*Id.*]

4. A Writ of Execution was issued against EA by the Bankruptcy Court on June 6, 2018. [Frank Decl., Exh. C.]

//

---

[1] While the Bankruptcy Court dismissed EA's bankruptcy case on March 15, 2018, the Bankruptcy Court retained post-dismissal jurisdiction to enter the Judgment pursuant to the terms of the structured settlement. [Frank Decl., Exh. B, ¶ 10.]

5.  On June 22, 2018, the Bankruptcy Court issued an Order to Appear for Exami-nation of Judgment Debtor ("ORAP") to Avenatti set for July 25, 2018. [Frank Decl., Exh. D.] A Subpoena to Produce Documents ("Subpoena") was issued by JFL's attorney on June 23, 2018. [*Id.*, Exh. G.] The ORAP and Subpoena for EA's records were personally served on Avenatti on July 9, 2018. [*Id.*, Exh. H.]

6.  A copy of the Report of Judgment Creditor re Efforts to Meet and Confer re Motion for a Protective Order filed on August 3, 2018 – which sets forth agreements JFL has made to narrow the requests (without prejudice) is attached to the Frank Decl. as Exhibit L.

7.  On July 9, 2018, EA filed a Motion for Protective Order seeking to quash the Subpoena. [Frank Decl., Exh. I.] EA set the motion for hearing on August 8, 2018 – nearly two weeks after the scheduled ORAP. [*Id.*]

8.  On July 25, 2018, Avenatti appeared for the ORAP without any records (other than EA's publicly filed Bankruptcy Schedules). [Frank Decl., ¶ 15.] The Judgment Debtor Examination went forward for several hours, with a continuation of the examination to be scheduled at the hearing on EA's Motion for Protective Order scheduled for August 8, 2018, which hearing was continued by stipulation of the parties to August 27, 2018. [*Id.*]

9.  At the August 27, 2018 hearing on EA's Motion for Protective Order, the Bankruptcy Court indicated these issues would be better suited outside of a bankruptcy venue and before a court with more experience in the enforcement of judgments. Consequently, on August 30, 2018, the Bankruptcy Court issued its Notice of Intent to Abstain from any further proceedings in the dismissed bankruptcy case pursuant to 11 U.S.C. § 305(a). [Frank Decl., Exh. E.] The Bankruptcy Court found that "the interests of creditors and the Debtor would be better served if the Court abstains" because "[t]he structured settlement in this case, which resulted in dismissal, consensually altered the parties' positions in ways that

make it untenable to continue in bankruptcy court" and "[t]he parties have other better-situated nonbankruptcy venues available to them for resolution of their ongoing issues." [*Id.*]

10. On September 4, 2018, JFL registered the Judgment before this District Court so that JFL would have a forum to enforce the Judgment and to enforce the Subpoena and ORAP. [Frank Decl., Exh. F.]

11. To date, EA has still not produced any records in response to the Subpoena, nor has EA paid any portion of the Judgment. [Frank Decl., ¶ 18.]

12. Accordingly, JFL requests the Court set a hearing date as soon as practicable on EA's Motion for Protective Order so that EA can no longer avoid its production obligations under the Subpoena.

13. A copy of EA's Motion for Protective Order filed on July 9, 2018 is attached to the Frank Decl. as Exhibit I.

14. A copy of JFL's Opposition to EA's Motion for Protective Order filed on July 25, 2018 is attached to the Frank Decl. as Exhibit J.

15. A copy of EA's Reply in support of the Motion for Protective Order filed on August 1, 2018 is attached to the Frank Decl. as Exhibit K.

16. For the Court's background, is attached to the Frank Decl. as Exhibit M is an additional Bankruptcy Court Order Granting in Part and Denying in Part Amended Motion for Assignment and Restraining Order entered on July 11, 2018. Pursuant to this Order, the Bankruptcy Court restrained EA from "assigning, encumbering or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A" to the motion (the "Cases"). [Frank Decl., Exh. M, ¶ 2.] The order further required EA to file with the court and serve JFL and other creditors "notice of receipt of any monies in relation to the Cases, regardless of whether the payment is made to Debtor [EA], Avenatti & Associates,

1 Michael Avenatti, or Michael Eagan, or any entity controlled by Debtor [EA],
2 Avenatti & Associates, Michael Avenatti, or Michael Eagan." [*Id.*]
3     For the foregoing reasons, JFL respectfully requests this Court set a hearing
4 date on EA's Motion for Protective Order so JFL may obtain the subpoenaed
5 documents, proceed with the Judgment Debtor Examination and enforcement of its
6 Judgment.

Dated: September 11, 2018            WEINTRAUB & SELTH, APC

                                                 By /s/ *James R. Selth*
                                                      Daniel J. Weintraub
                                                      James R. Selth
                                                      Attorneys for Judgment Creditor
                                                      Jason Frank Law, PLC

# DECLARATION OF JASON M. FRANK

I, Jason M. Frank, declare as follows:

1. I am the owner and president of the Judgment Creditor, Jason Frank Law, PLC ("JFL"). I am admitted to practice law before all federal and state courts in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2. I have been a member in good standing of the State Bar of California since 1997. I received my J.D. degree from the University of Michigan in 1997, and my B.A. degree from the University of Michigan in 1994. I was formerly a litigation partner at Paul Hastings Janosfky & Walker LLP. From February 2009 through May 20, 2016, I was an attorney at Eagan Avenatti, LLP ("EA"), either as an employee or through a contract between JFL and EA. I am currently a partner and founder of Frank Sims & Stolper LLP.

3. Attached as **Exhibit A** is a true and correct copy of the Final Judgment Against Eagan Avenatti, LLP and in favor of Jason Frank Law, PLC. in the Amount of Ten Million Dollars and No Cents ("Judgment").

4. EA is a law firm based in Newport Beach, California that primarily represents clients in contingency matters. The managing partner of EA is Michael Avenatti ("Avenatti").

5. JFL is my professional law corporation. From November 1, 2013 through May 20, 2016, I worked at EA pursuant to an independent contractor agreement between JFL and EA. Under the agreement, EA was required to pay JFL various forms of compensation, including 25% of the firm's annual profits, 20% of the fees collected from clients I brought to the firm and 10% of the fees collected pursuant to a class action settlement in which the firm was awarded $23.5 Million in fees and costs (the "Eden Settlement").

6. EA failed to pay the amounts owed under the JFL contract. Accordingly, JFL filed a demand for arbitration which was scheduled to go forward on March 13, 2017. On the eve of the arbitration, on March 10, 2017, EA consented to be placed into Chapter 11 bankruptcy in Florida, thereby preventing the arbitration from going forward.

7. EA's bankruptcy case was ultimately transferred to the United States Bankruptcy Court for the Central District of California, before the Honorable Catherine A. Bauer (the "Bankruptcy Court"). During the bankruptcy proceedings, EA entered into a structured settlement with JFL and other creditors as a condition to having the bankruptcy case dismissed, so EA would no longer be under bankruptcy court supervision.

8. On May 15, 2018, the Bankruptcy Court approved the structured settlement and dismissed EA's bankruptcy case, retaining post-dismissal jurisdiction. A true and correct copy of the Order Granting Motion Approving Settlement and Dismissing Case and Related Relief (the "Structured Settlement and Dismissal Order") is attached as **Exhibit B**.

9. After the dismissal, EA failed to pay the amounts owed to JFL under the Settlement. Accordingly, pursuant to the terms of the Structured Settlement and Dismissal Order, the Bankruptcy Court entered a final judgment against EA in the amount of $10 million. [**Exhibit A**.]

10. Attached as **Exhibit C** is a true and correct copy of the Writ of Execution issued against EA by the Bankruptcy Court on June 6, 2018.

11. Attached as **Exhibit D** is a true and correct copy of the Order to Appear for Examination of Judgment Debtor ("ORAP") entered on June 22, 2018. Pursuant to the ORAP, Avenatti was required to appear for the Judgment Debtor Examination on July 25, 2018.

//
//

1  12. Attached as **Exhibit G** is a true and correct copy of the Subpoena to appear and produce documents ("Subpoena") at the ORAP issued to Avenatti by JFL's attorney on June 23, 2018.

13. Attached as **Exhibit H** is a true and correct copy of the Proof of Service filed with the Bankruptcy Court on July 11, 2018 reflecting that Avenatti was personally served with the ORAP and Subpoena on July 9, 2018.

14. Attached as **Exhibit L** is a true and correct copy of the Report of Judgment Creditor re Efforts to Meet and Confer re Motion for a Protective Order filed by JFL on August 3, 2018, which sets forth JFL's current agreement to narrow the scope of the subpoena without prejudice to later seeking such records.

15. Attached as **Exhibit I** is the Motion for Protective Order seeking to quash the Subpoena filed by EA on July 9, 2018. EA set the motion for hearing on August 8, 2018 – nearly two weeks after the scheduled ORAP and date for production of documents.

16. On July 25, 2018, Avenatti appeared for the ORAP without any records (other than EA's publicly filed Bankruptcy Schedules). The Judgment Debtor Examination went forward for several hours, with a continuation of the examination to be scheduled at the hearing on EA's Motion for Protective Order scheduled for August 8, 2018, which hearing was continued by stipulation of the parties to August 27, 2018.

17. At the hearing on EA's Motion for Protective Order on August 27, 2018, the Bankruptcy Court indicated it intended to abstain from hearing any further matters relating to the enforcement of the Judgment and structured settlement against EA. Attached as **Exhibit E** is a true and correct copy of the Bankruptcy Court's Notice of Intent to Abstain filed on August 30, 2018.

//
//
//

18. On September 4, 2018, JFL registered the Judgment before this District Court so that JFL would have a forum to enforce the Judgment and to enforce the Subpoena and ORAP. Attached as **Exhibit F** is a true and correct copy of the Registration of Judgment.

19. To date, EA has not produced any records in response to the ORAP subpoena, nor has EA paid any portion of the Judgment.

20. Attached as **Exhibit J** is a true and correct copy of JFL's Opposition to EA's Motion for Protective Order filed on July 25, 2018.

21. Attached as **Exhibit K** is a true and correct copy of EA's Reply in support of the Motion for Protective Order filed on August 1, 2018.

22. Attached as **Exhibit M** is a true and correct copy of the Bankruptcy Court's Order Granting in Part and Denying in Part Amended Motion for Assignment and Restraining Order entered on July 11, 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing this true and correct. Executed this 11th day of September, 2018.

_____
JASON M. FRANK